UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONNIE BARNES,

                         Plaintiff,

v.                                                                  1:13-CV-0505
                                                                       (GTS/RFT)
ERIC CRIST, Police Officer for Albany Police Dep't;
and DETECTIVE COLEMAN; Police Officer for
Albany Police Dep't,

                        Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

RONNIE BARNES, 12-A-2479
  Plaintiff, *Pro Se*
Coxsackie Correctional Facility
Box 999
Coxsackie, NY 12051

CITY OF ALBANY CORPORATION COUNSEL        ERIC P. SUGAR, ESQ.
  Counsel for Defendants                             JOHN JOSEPH REILLY, ESQ.
City Hall, 24 Eagle Street
Albany, NY 12207

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Ronnie Barnes ("Plaintiff") asserting claims of false arrest, unreasonable search and seizure, and excessive force against the two above-captioned county police officers ("Defendants"), is Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 19.) Plaintiff has not filed an opposition to Defendants' motion, and the deadline by which to do so expired approximately seven-and-a-half months ago. (*See generally* Docket Sheet.) After carefully

considering the matter, the Court grants Defendants' motion for each of the three reasons stated in their memorandum of law: (1) Plaintiff's guilty plea to the crime of Burglary in the Second Degree bars his claims of false arrest and unreasonable search and seizure under *Heck v. Humphrey,* 512 U.S. 477 (1984); (2) even liberally construed, Plaintiff's Complaint fails to allege facts plausibly suggesting a claim of excessive force (or failure to intervene), based on the twist of an arm and tightening of a pair of handcuffs; and (3) in the alternative, based on Plaintiff's own factual allegations, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 19, Attach. 9.) To those reasons, the Court would add only two points.

First, in this District, the failure to oppose a motion lightens the movant's burden such that, in order to succeed, the movant need show only that the motion possesses facial merit.[1] Here, the Court finds that, at the very least, Defendants' motion possesses facial merit, for the reasons stated therein. The Court notes that Plaintiff was sufficiently advised of his need to respond to Defendants' motion through each of the following two documents: (1) the courtesy copy of Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court that was on file at Coxsackie Correctional Facility when Defendants served Plaintiff with their motion; and (2) the Notice of Consequences of Failing to Respond provided to Plaintiff by Defendants with their motion papers (Dkt. No. 19, Attach. 26).

---

[1] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting . . . of the motion . . . , unless good cause be shown."); *Zuk v. Onondaga Cnty.*, 09-CV-0272, 2011 WL 4344043, at *4 & nn.1-3 (N.D.N.Y. Sept. 14, 2011) (Suddaby, J.) (reciting point of law and citing cases).

Second, generally, before a district court dismisses a *pro se* complaint, the plaintiff will be allowed to amend that complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").[2] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir.2000); *Brown*, 1997 WL 599355, at *1.

Here, the Court finds that the defects in Plaintiff's Complaint are substantive rather than merely formal, such that any amendment would be futile. For these reasons, Plaintiff will not be given leave to amend his Complaint before it is dismissed.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(3) (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

---

[2] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend was not an abuse of discretion where the amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

The Clerk is directed to enter judgment in favor of Defendants and close this case.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 28, 2014
      Syracuse, New York

*(signature)*
Hon. Glenn T. Suddaby
U.S. District Judge